In the
United States Court of Appeals
For the Seventh Circuit

No. 01-8038

In Re Bemis Company, Inc.,

Petitioner.

Petition to Appeal from the United States District
Court for the Southern District of Indiana, Terre Haute Division.
No. TH 01-0112-C T/H--John D. Tinder, Judge.

Submitted January 11, 2002--Decided January 11,
2002/1--Opinion January 25, 2002

Before Posner, Easterbrook, and Rovner,
Circuit Judges.

Posner, Circuit Judge.  Rule 23(f) of the
Federal Rules of Civil Procedure
authorizes us to accept appeals from
orders granting or denying motions for
class certification in Rule 23 class
actions. The EEOC has brought a Title VII
suit against Bemis Company on behalf of
five named, and a "class" of other, black
employees of the company. See 42 U.S.C.
sec.sec. 1981a(a)(1), 2000e-5(f), (g)(1).
The complaint seeks compensatory and
punitive damages and other relief for
what it claims is racial harassment of
the employees constituting the class.
Bemis answered, contending that the EEOC
had failed to comply with Rule 23 and
could not do so because the case does not
meet the requirements of the rule. The
EEOC moved to strike this part of the
answer on the ground that the Supreme
Court had held in General Telephone of
the Northwest, Inc. v. EEOC, 446 U.S. 318
(1980), that suits brought by the EEOC on
behalf of a class are not subject to Rule
23. The district court granted the motion
and Bemis has petitioned us to accept an
appeal from that order under Rule 23(f).
The EEOC argues that we have no
jurisdiction to consider Bemis's petition
because the district court's order did
not grant or deny class certification. We
disagree. Bemis's answer to the complaint
asserts that the case cannot proceed as a
class action without compliance with Rule
23. The rejection of that position was
the functional equivalent of denying a
motion to certify a case as a class

action, a denial that Rule 23(f) makes appealable (at our discretion).

But we cannot grant the relief sought by Bemis because the EEOC is indeed exempt from Rule 23. That is the holding of General Telephone and of course we have no authority to overrule decisions of the Supreme Court. The distinctions that Bemis urges are threadbare: General Telephone did not involve harassment, the EEOC here is not alleging an intentional company-wide pattern or practice of discrimination, and it is seeking compensatory and punitive damages rather than merely injunctive relief and back pay as in General Telephone (which was decided before common-law-type damages could be awarded in Title VII suits). We do not begin to see what these differences have to do with the reasoning of General Telephone. The main reason the Supreme Court thought Rule 23 inapplicable to EEOC class actions was that the EEOC is not an exact or even close counterpart to the class representative (and class lawyer) in a Rule 23 class action. The EEOC's primary role is that of a law enforcement agency and it is merely a detail that it pays over any monetary relief obtained to the victims of the defendant's violation rather than pocketing the money itself and putting them to the bother of suing separately. Having to persuade the district court that the class was numerous and homogeneous and that the EEOC's interest was aligned with that of the class members, the sort of things that compliance with Rule 23 would entail, would interfere with the Commission's exercise of its prosecutorial discretion. It would be like a court's undertaking to decide whether the Justice Department, in bringing a suit attacking price fixing, was being adequately solicitous of the private interests of the victims of the defendant's conduct. "[T]he EEOC is authorized to proceed in a unified action and to obtain the most satisfactory overall relief even though competing interests are involved and particular groups may appear to be disadvantaged. The individual victim is given his right to intervene for this very reason. The EEOC exists to advance the public interest in preventing and remedying employment discrimination, and it does so in part by making the hard choices where

conflicts of interest exist." General Telephone of the Northwest, Inc. v. EEOC, supra, 446 U.S. at 331.

That at any rate was the line taken by the Court in General Telephone and we cannot find anything in the present case that would have led the Court to carve an exception for this case. It is of course possible that this case is less appropriate for class treatment--maybe as Bemis argues there is a huge variance in the nature and extent of the injuries suffered by the members of the class. But the Court did not hold in General Telephone that the case before it met the standards of Rule 23. The whole point was that the EEOC doesn't have to meet those standards, a holding that embraces this case as well. See also EEOC v. Dinuba Medical Clinic, 222 F.3d 580, 587-88 (9th Cir. 2000). What Bemis's argument comes down to is that if the Court had known about a case like this, maybe it would have decided General Telephone differently. Maybe so, though we greatly doubt it; but we cannot disregard Supreme Court holdings on the basis of such conjectures.

Any doubt about the validity or scope of General Telephone has been laid to rest by the Supreme Court's decision, rendered just days after our order denying Bemis's petition, in EEOC v. Waffle House, Inc., No. 99-1823, 2002 WL 46763 (U.S. Jan. 15, 2002). In the course of holding, with many approving references to General Telephone, that even after the addition of compensatory and punitive damages to the EEOC's arsenal of remedies the EEOC does not sue as the representative of the discriminated-against employees who may benefit from the relief it obtains and hence is not barred from suing by the fact that the employees had agreed to submit their claims to binding arbitration, the Court stated that Title VII "makes the EEOC the master of its own case and confers on the agency the authority to evaluate the strength of the public interest at stake." Id. at *7. "The EEOC does not stand in the employee's shoes." Id. at *10.

FOOTNOTE

/1 With the notation that an opinion explaining our reasons would follow.