IN THE SUPREME COURT OF TEXAS






IN THE SUPREME COURT OF TEXAS
 
════════════
No. 05-0169
════════════
 
Farmers Group, Inc., et al., 
Petitioners
 
v.
 
Jan Lubin, Gilberto 
Villaneuva, and Michael Paladino, Respondents
 
════════════════════════════════════════════════════
On Petition for Review from the
Court of Appeals for the Third District of 
Texas
════════════════════════════════════════════════════
 
 
Argued January 25, 
2007
 
 
Justice Hecht, concurring in part and 
dissenting in part.
 
 
The Texas 
Insurance Code provides:
 
If a member of the insurance buying public has been damaged by 
an unlawful method, act, or practice defined . . . as an unlawful deceptive 
trade practice, the department [of insurance] may request the attorney general 
to bring a class action or the individual damaged may bring an action on the 
individual’s own behalf and on behalf of others similarly situated to recover 
damages and obtain relief as provided by this subchapter.[1]
 
Thus, two 
types of class actions are authorized, one brought by a damaged individual on 
behalf of others similarly situated, the other by the Attorney General. The Code 
then adds:
 
The court shall permit one or more members of a class to sue 
or be sued as representative parties on behalf of the class only if:
 
(1) the class is so numerous that joinder of all members is 
impracticable;
 
(2) there are questions of law or fact common to the 
class;
 
(3) the claims or defenses of the representative parties are 
typical of the claims or defenses of the class; and
 
(4) the representative parties will fairly and adequately 
protect the interests of the class.[2]
 
These four 
prerequisites apply when a class member is suing or being sued as a class 
representative. When the Attorney General sues at the behest of the Department 
of Insurance, it is not as a class member or representative party but as a state 
officer. By the plain statutory text, the four prerequisites do not apply to as 
class action brought by the Attorney General. The Court reaches the opposite 
conclusion for three reasons. I disagree.
First, the 
Court argues that because the statutory language is taken verbatim from Rule 23 
of the Federal Rules of Civil Procedure, which applies to all class actions in 
federal courts, the Legislature must have intended that it apply to all class 
actions in state courts, especially since “the Insurance Code specifically 
mandates that ‘the courts of Texas shall be guided by the decisions of the 
federal courts interpreting Rule 23’”.[3] The argument suffers not 
only from a flaw in logic (why must the Legislature’s intent track federal 
lawmakers’?) but also from an incorrect premise. Federal courts have refused to 
apply Rule 23’s requirements to enforcement actions brought by federal agencies 
simply because the remedies sought may affect classes or groups of 
individuals.[4] Another analogue in the 
federal system is a parens patriae action, brought by a state or its 
attorney general on behalf of state residents,[5] to which Rule 23 does not 
apply.[6] So to the extent that Rule 
23’s coverage is instructive, it argues against the Court’s position, not for 
it. Of course, when a class action is brought by a private person and thus is 
one to which the four prerequisites borrowed from Rule 23 would apply, federal 
case decisions provide guidance.
Second, the 
Court points to the provision following the four prerequisites quoted above that 
authorizes a class action “if the[se] prerequisites . . . are 
satisfied” in addition to others.[7] The Court explains simply 
that “[i]t is hard to see why the Legislature would require the prerequisites to 
be ‘satisfied’ if it really intended them to be inapplicable.”[8] But it makes perfect sense 
for the Legislature to have intended that the four prerequisites must be 
satisfied when they apply — when a class action is brought by “one or 
more members of a class” — not when they don’t — when a class action is brought 
by the Attorney General. And, of course, that is what the plain text says.
Third, the 
Court insists that the four prerequisites quoted above must apply to any class 
action, even one brought by the Attorney General, because “they define what a 
class action is.”[9] In other words, the 
Legislature had no choice but to impose these prerequisites on a class action by 
the Attorney General because a class action cannot exist otherwise. But a class 
action brought by the Attorney General is already an unusual creature, as the 
Court recognizes, and having provided for it, the Legislature was not obliged to 
structure the procedure to satisfy the Court’s idea of what a class action 
should be.
Having 
determined that the prerequisites quoted above apply to a class action brought 
by the Attorney General, the Court ought to say how, since their 
application to a non-representative litigant like the Attorney General is not 
immediately apparent. The Court begins by saying that these prerequisites need 
not “apply in precisely the same way as in other class actions”,[10] then offers that they 
“must be applied to the damage claims asserted by an attorney general, rather 
than to that official personally.”[11] Perhaps this works for the 
prerequisites of numerosity and commonality. The trial court must find that the 
Attorney General’s claims affect numerous persons and share common issues of law 
or fact. But how can the trial court determine that “the 
claims or defenses of the representative parties are typical of the claims or 
defenses of the class” when there are no representative parties? And since the 
Attorney General does not act as a representative party or counsel for the class 
or any person, but rather as “the chief legal officer of the State, [with] broad 
discretionary power in conducting his legal duty and responsibility to represent 
the State”,[12] determining that “the 
representative parties will fairly and adequately protect the interests of the 
class” is impossible. The Court states that an Attorney General’s “conflicts 
[may be] so serious the adequacy requirement is not met”, although his “public 
duties to all Texans cannot alone create such a conflict”.[13] It is hard even to imagine 
what the Court has in mind, but the seriousness of the Court’s suggestion cannot 
be ignored.
I would hold 
that the four prerequisites quoted above do not apply, by the plain text of the 
statute, to a class action brought by the Attorney General. That is not to say 
that such a class action is also excused from the other requirements of the 
statute, or that judicial supervision of the class vehicle, including the 
settlement reached in this case, should in any way be relaxed. I agree that the 
case should be returned to the court of appeals for consideration of the 
numerous other issues respondents have raised.
 
                                                                                    

Nathan L. Hecht
Justice
Opinion 
delivered: April 27, 2007




[1] Tex. Ins. 
Code § 541.251(a) (formerly art. 21.21, 
§ 17(a)).

[2] Id. § 541.256 (formerly art. 21.21, 
§ 18(a)).

[3] Ante at ___ (quoting Tex. Ins. Code § 541.257 (formerly art. 
21.21, § 18(c))). 

[4] See General Tel. Co. of the Nw. v. EEOC, 
446 U.S. 318, 324 (1980) (EEOC suing under Title VII); In re Bemis Co., 
279 F.3d 419, 422 (7th Cir. 2002) (same); NLRB v. Plumbers & Pipefitters 
Local Union No. 403, 710 F.2d 1418, 1420 (9th Cir. 1983) (NLRB suing under 
NLRA); Donovan v. University of Tex. at El Paso, 643 F.2d 1201, 1208 (5th 
Cir. 1981) (Secretary of Labor suing under FLSA).

[5] E.g., 15 U.S.C. § 15c (authorizing a state 
attorney general to sue on behalf of state residents for Sherman Act 
violations); id. § 6103 (authorizing a state to sue on behalf of its 
residents regarding telemarketing practices); id. § 6309(c) 
(authorizing a state to sue on behalf of its residents regarding boxing 
practices); id. § 6504 (authorizing a state to sue on behalf of its 
residents regarding children’s online privacy protection); id. 
§ 7706(f) (authorizing a state attorney general and other state officials 
to sue on behalf of state residents regarding pornography); 18 U.S.C. 
§ 248(c)(3) (authorizing a state attorney general to sue on behalf of state 
residents to protect access to clinics providing reproductive health services 
and to places of worship); 49 U.S.C. § 14711 (authorizing a state to sue on 
behalf of its residents to enforce certain consumer protection provisions that 
apply to individual shippers).

[6] See, e.g., Illinois v. Abbott & 
Assocs., Inc., 460 U.S. 557, 573 n.29 (1983) (“Congress focused on the 
difficulty of achieving class certification of [Sherman Act] consumer actions 
under Rule 23 of the Federal Rules of Civil Procedure and the complexity of 
measuring and distributing damages in such cases. See generally H. R. Rep. No. 
94-499, supra n. 23, at 3‑8; S. Rep. No. 94-803, supra n. 18, at 
6‑7, 39‑40. To remedy these problems, the 1976 statute permits state attorneys 
general the right to institute parens patriae suits on behalf of state 
residents, 15 U.S.C. § 15c; exempts such suits from the class action 
requirements of Rule 23, § 15c(a); and allows damages in these suits to be 
computed through aggregation techniques, § 15d.”).

[7] Tex. Ins. 
Code § 541.257(a) (“An action may be maintained as a class action 
under this subchapter if the prerequisites of Section 541.256 are satisfied, and 
in addition [one of three other conditions is met].”) (formerly art. 21.21, 
§ 18(b)).

[8] Ante at ___.

[9] Ante at ___.

[10] Ante at ___.

[11] Ante at ___.

[12] Terrazas v. Ramirez, 829 S.W.2d 712, 721 (Tex. 
1992).

[13] Ante at 
___.