**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

LORRAINE BATES; CHARLES
EHRMAN BATES; EILEEN
BURKE; JACI EVANS, as
Successor Personal
Representative for the Estate
of Thomas Marier; and
DALLA FRANCIS, as Personal
Representative for the Estate
of George Alexander,
　　　*Plaintiffs-Appellants*,

　　　　　v.

BANKERS LIFE AND
CASUALTY COMPANY, an
Illinois insurance company;
CNO FINANCIAL GROUP,
INC., a Delaware corporation,
　　　*Defendants-Appellees.*

No. 14-35397

D.C. No.
3:13-cv-00580-PK

OPINION

Appeal from the United States District Court
for the District of Oregon
Paul J. Papak II, Magistrate Judge, Presiding

Argued and Submitted October 4, 2016
Portland, Oregon

Filed February 24, 2017

Before: Richard R. Clifton, Mary H. Murguia,
and Jacqueline H. Nguyen, Circuit Judges.

Per Curiam Opinion

## SUMMARY[*]

### Jurisdiction / Class Certification

The panel dismissed the appeal, in part, for lack of jurisdiction to review the order striking class allegations in an action alleging claims under Oregon's financial abuse statute, Oregon Revised Statute § 124.110.

The panel held that a decision to grant a motion to strike class allegations was not a final judgment. The panel, therefore, rejected plaintiffs' asserted appellate jurisdiction under Federal Rule of Civil Procedure 54(b) and 28 U.S.C. § 1291 because they require a final judgment. The panel held that 28 U.S.C. § 1292(b) and Federal Rule of Civil Procedure 23(f) were the only proper avenues for appealing a motion to strike class allegations. Because plaintiffs did not use either of those procedural avenues, the panel concluded that it lacked jurisdiction to hear their challenge to the order striking their class allegations.

---

[*] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

## COUNSEL

Rachele R. Selvig (argued) and Christopher L. Cauble, Cauble & Cauble LLP, Grants Pass, Oregon; Michael L. Williams and Leslie W. O'Leary, Williams O'Leary LLC, Portland, Oregon; for Plaintiffs-Appellants.

Adam J. Kaiser (argued), Jeffrey J. Amato, and Matthew A. Stark, Winston & Strawn LLP, New York, New York; Ilan Wurman, Winston & Strawn LLP, Washington, D.C.; Vicki L. Smith, Lane Powell PC, Portland, Oregon; for Defendants-Appellants.

## OPINION

PER CURIAM:

Plaintiffs appeal the district court's orders striking their class allegations and dismissing their claims under Oregon's financial abuse statute, Oregon Revised Statute § 124.110. We dismiss the appeal in part because we lack jurisdiction to review the order striking the class allegations. As to the proper interpretation of Oregon Revised Statute § 124.110, we certify this question to the Oregon Supreme Court in an order filed concurrently with this opinion.

## I.

Plaintiffs are elderly Oregonians or their successors who purchased long-term healthcare insurance policies sold by Bankers Life and Casualty Company and its parent company, CNO Financial Group, Inc. ("Bankers"). These policies are designed to provide health services for elderly people who can no longer care for themselves and are

intended to cover expenses for in-home care providers, assisted living facilities, and nursing homes. Plaintiffs allege that Bankers collected premium payments and, without good cause, delayed and denied insurance benefits to which putative class members were entitled under their policies.

In their Second Amended Complaint, Plaintiffs asserted claims for breach of contract, intentional misconduct, fraud, and violations of Oregon's financial abuse statute. They also sought certification for three separate classes: (1) Oregonians whose claims have been mishandled through delay and nonpayment of claims; (2) family members and representatives who have incurred expenses while attempting to obtain benefits; and (3) policyholders who have not yet made claims. Pursuant to Federal Rules of Civil Procedure 12(b)(2), 12(b)(6), and 23(d), Bankers moved to dismiss many of Plaintiffs' claims and to strike Plaintiffs' class allegations. Plaintiffs' breach-of-contract claims against Bankers, which were not the subject of any of the motions, remain before the district court.

On January 27, 2014, the district court dismissed, *inter alia*, Plaintiffs' financial abuse claims and granted Bankers' motion to strike the class allegations. The court concluded that the class allegations of mishandled insurance claims "require case-by-case analysis of the operative facts." *Bates v. Bankers Life & Cas. Co.*, 993 F. Supp. 2d 1318, 1339–43 (D. Or. 2014). The court found that even with class discovery Plaintiffs would not be able to satisfy either the typicality requirement under Federal Rule of Civil Procedure 23(a)(3) or any of the subdivisions under Rule 23(b) to maintain a class action. *Id.* at 1342–43.

On April 30, 2014, the district court granted Plaintiffs' unopposed motion for entry of final judgment pursuant to

Federal Rule of Civil Procedure 54(b) and stayed the proceedings pending the outcome of this appeal. The court concluded that the decision to strike Plaintiffs' class allegations was "final" as the term is used in Rule 54(b) and did not raise the risk of piecemeal litigation. Finding no just reason for delay, the district court entered final judgment so that Plaintiffs could appeal the decision to strike the class allegations. On May 7, 2014, Plaintiffs appealed, arguing that the district court improperly dismissed their class allegations without permitting class discovery.

## II.

Plaintiffs assert appellate jurisdiction under Federal Rule of Civil Procedure 54(b) and 28 U.S.C. § 1291.[1] Bankers counters that our court lacks jurisdiction because an order granting a motion to strike class allegations, like an order denying class certification, is not a final judgment. Because 28 U.S.C. § 1292(b) and Federal Rule of Civil Procedure 23(f) are the only proper avenues for appealing a motion to strike class allegations, we lack jurisdiction to hear Plaintiffs' challenge to the order striking their class allegations.

Under 28 U.S.C. § 1291, we have jurisdiction over "final decisions" of the district courts. A judgment is generally final and appealable under § 1291 when it "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Lovell v. Chandler*, 303 F.3d

---

[1] Plaintiffs also argue that Bankers waived this jurisdictional challenge by failing to raise it before the district court. A lack of subject matter jurisdiction may be raised at any time, however, even on appeal. Fed. R. Civ. P. 12(h)(3); *Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 434–435 (2011).

1039, 1047 (9th Cir. 2002) (quoting *Catlin v. United States*, 324 U.S. 229, 233 (1945)).  Pursuant to Federal Rule of Civil Procedure 54(b), a district court "may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay."  District courts, however, do not have the discretion under Rule 54(b) to convert a non-final judgment into a final judgment.  *See Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 437 (1956) ("The District Court *cannot*, in the exercise of its discretion [under Rule 54(b)], treat as 'final' that which is not 'final' within the meaning of [28 U.S.C.] § 1291.").

A decision to grant a motion to strike class allegations, which is the "functional equivalent of denying a motion to certify a case as a class action," is not a final judgment.  *In re Bemis Co.*, 279 F.3d 419, 421 (7th Cir. 2002); *see also United Airlines, Inc. v. McDonald*, 432 U.S. 385, 388–90 (1977) (using the terms interchangeably).  As the Supreme Court recognized, "[a]n order refusing to certify, or decertifying, a class does not of its own force terminate the entire litigation because the plaintiff is free to proceed on his individual claim."  *Coopers & Lybrand v. Livesay,* 437 U.S. 463, 467 (1978).  Such decisions are thus "inherently interlocutory" in nature.  *Id.* at 470; *see also Chevron USA Inc. v. Sch. Bd. Vermilion Par.*, 294 F.3d 716, 720 (5th Cir. 2002) (dismissing for lack of jurisdiction an appeal, under 28 U.S.C. § 1291 and Rule 54(b), from an order refusing to certify a class action); *Minority Police Officers Ass'n of S. Bend v. City of South Bend*, 721 F.2d 197, 201 (7th Cir. 1983) (same).

There are only two procedural avenues for appealing an order striking class allegations made under Federal Rule of Civil Procedure 23: (1) asking the district court to certify an

order for interlocutory review pursuant to 28 U.S.C. § 1292(b); or (2) filing a petition for permission to appeal pursuant to Federal Rule of Civil Procedure 23(f). *See Plata v. Davis*, 329 F.3d 1101, 1107–08 (9th Cir. 2003); *Kamm v. Cal. City Dev. Co.*, 509 F.2d 205, 206 (9th Cir. 1975). Section 1292(b) allows appeal of an interlocutory decision if the district court states in writing that "such order involves a controlling question of law . . . and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." The court of appeals may then, in its discretion, permit an appeal of the order if the application is made within ten days. 28 U.S.C. § 1292(b). Federal Rule of Civil Procedure 23(f) allows appeal from an order granting or denying class certification "if a petition for permission to appeal is filed with the circuit clerk within 14 days after the order is entered." Plaintiffs did not use either of these procedural avenues, and we therefore lack jurisdiction to hear their challenge to the order striking their class allegations.

**Appeal DISMISSED in part for lack of jurisdiction.**